# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFTON BUSH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JIM KENNEY | : | NO. 17-3079 |
| SETH WILLIAMS | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                         August 17, 2017

Clifton Bush sues Philadelphia Mayor James F. Kenney and former Philadelphia District Attorney Seth Williams under 42 U.S.C. § 1983, claiming we should order his ongoing criminal prosecution dropped in light of Seth Williams' recent conviction in this Court on entirely unrelated charges. Mr. Bush also seeks leave to proceed *in forma pauperis*. We grant Mr. Bush leave to proceed *in forma pauperis* and dismiss his complaint in the accompanying Order.

### I. Allegations

Clifton Bush is presently incarcerated awaiting trial in the Philadelphia Court of Common Pleas on conspiracy, aggravated assault, and related charges.[1] He now sues claiming those charges should be dismissed and he should be awarded damages because Seth Williams, the former Philadelphia District Attorney who filed charges against him, recently pled guilty to bribery in federal court[2]:

> Mayor Jim Kenney allowed District Attorney Seth William [sic] to file and prepare charges against petitioner. Seth William [sic] is a convicted criminal. He also is a corrupt authoritie [sic] and his credibility is no good. He should have never been able to file charges and prosecute anybody because his [sic] is a criminal his self. My discovery and court documents will prove Seth William [sic] was the person who prepared my discovery and transcripts.[3]

**II.     We grant Mr. Bush leave to proceed *in forma pauperis*.**

We grant Mr. Bush's motion to proceed *in forma pauperis* because he is incapable of paying the fees to commence this civil action.[4]

**III.    We dismiss Mr. Bush's complaint as legally baseless.**

We must dismiss Mr. Bush's complaint if frivolous or fails to state a claim.[5] A complaint is frivolous if it "lacks an arguable basis either in law or in fact,"[6] and is legally baseless if it is "based on an indisputably meritless legal theory."[7] To survive dismissal, Mr. Bush must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[8] "[M]ere conclusory statements[] do not suffice."[9] As he is proceeding *pro se*, we liberally construe his allegations.[10]

Mr. Bush's claims are legally baseless. Nothing in his complaint provides a basis for concluding prosecution is constitutionally unsound as a result of Seth Williams' conviction. In any event, we may not intervene in the state criminal proceeding.[11] In other words, even if Mr. Bush could articulate a basis for dismissal of the charges against him, he must raise those issues in his criminal case in state court. Seth Williams is also entitled to absolute prosecutorial immunity from any claims for monetary damages based on his involvement in prosecution.[12]

Nothing in the complaint plausibly suggests Mayor Kenney had personal involvement in Mr. Bush's case to hold him responsible for anything related to prosecuting Mr. Bush.[13]

**IV.    Conclusion**

In the accompanying Order, we dismiss Mr. Bush's complaint and deny him leave to amend as futile.

---

[1] *See Commonwealth v. Bush*, Docket No. CP-51-CR-0010053-2016 (Phila. Ct. Common Pleas).

[2] *See United States v. Williams*, E.D. Pa. Crim. A. No. 17-137.

---

[3] ECF Doc. No. 1, ¶ D.

[4] As Mr. Bush is incarcerated, he will be obligated to pay the filing fee in installments under 28 U.S.C. § 1915(b).

[5] 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

[6] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[7] *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[9] *Id.*

[10] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[11] *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

[12] *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

[13] *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015).